# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **S.S. and K.S.**

**No. 16-0698** (Kanawha County 14-JA-288 & 15-JA-31)

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother Z.T., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's June 24, 2016, order terminating her parental rights to eight-year-old S.S. and one-year-old K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her additional time for improvement and denying her post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition that alleged petitioner and the father engaged in domestic violence in the home. Additionally, the DHHR alleged that S.S., then six years old, told a school counselor that her father digitally penetrated her. During a later interview, the child disclosed that the father had done so on multiple

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, the Court notes that the proceedings below concerned an additional child, T.S., who is now deceased.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

occasions.[3] As such, the DHHR removed the child from the home under a protection plan.[4] Despite being advised of the child's disclosure, petitioner continued her relationship with the father. Accordingly, the DHHR alleged that petitioner and the father failed to provide the child with necessary food, clothing, shelter, supervision, medical care, or education, and further alleged that they abused the child by knowingly or intentionally inflicting, or attempting to inflict, physical, mental, or emotional injury. Petitioner later waived her right to a preliminary hearing.

During an adjudicatory hearing in November of 2014, petitioner stipulated to domestic violence and drug use. The circuit court also considered evidence of petitioner's drug screen that was positive for amphetamines, opiates, and cannabinoids. As such, the circuit court found petitioner to be an abusing parent. Petitioner then moved for a post-adjudicatory improvement period. The circuit court held petitioner's motion in abeyance and ordered her to comply with services that included domestic violence counseling, parenting education, supervised visitation, random drug screens, and a psychological evaluation. Thereafter, between December of 2014 and March of 2015, petitioner tested positive for morphine on five occasions and opiates on one occasion. Additionally, in January of 2015, the circuit court granted petitioner's motion for a post-adjudicatory improvement period.

Following petitioner's psychological examination, the report indicated that she admitted to smoking marijuana daily and to using the drug for approximately fifteen years. The report also indicated that petitioner had an "expressed lack of motivation for intervention with regard to substance abuse . . . ," among other issues. As such, the psychologist expressed a "poor . . . prognosis for the reliable attainment of minimally adequate parenting."

In February of 2015, petitioner gave birth to K.S. The DHHR filed an amended petition to include this child that same month. However, the circuit court allowed the parents to keep K.S. in their care, although it warned them that the child would be removed upon a positive drug screen. Shortly thereafter, petitioner tested positive for morphine and opiates and refused additional drug screens.

The DHHR filed a second amended petition in May of 2015 that alleged that the parents continued to abuse drugs and failed to cooperate with drug screens. According to the petition, both parents tested positive for opiates and K.S. tested positive for opiates and morphine at birth. Further, petitioner was required to undergo drug treatment as part of her improvement period, but failed to complete the program. As such, K.S. was removed from the parents' custody in May of 2015. The circuit court held an adjudicatory hearing on the amended petitions in July of 2015, during which it admitted positive drug screens for morphine from each parent into evidence. The circuit court found that both parents had substance abuse problems that negatively affected their ability to parent the children and caused them to abuse and neglect K.S.

---

[3]The allegations of sexual abuse were never substantiated and neither parent was adjudicated on any issue of sexual abuse.

[4]Neither K.S. nor T.S. was born at this time.

In October of 2015, the circuit court held a review hearing and admitted additional evidence of both parents' positive drug screens for morphine. However, the circuit court granted the parents extensions to their improvement periods. The parents also sought assistance obtaining suitable housing, and the circuit court ordered the DHHR to provide the parents with first month's rent and security deposits.

In January of 2016, the DHHR filed a third amended complaint in regard to newly born T.S. The following month, the DHHR filed a fourth amended petition in regard to this child. According to the DHHR the child was born prematurely on January 9, 2016. The infant tested positive for morphine upon birth and also suffered from birth defects, some of which may have been due to a genetic defect and not solely due to a lack of prenatal care and drug abuse. T.S. eventually passed away due to the birth defects. In February of 2015, the circuit court held a preliminary hearing on the fourth amended complaint, during which it found that petitioner failed to obtain prenatal care despite knowledge of her pregnancy. The circuit court also found that the parents were presently homeless. Additionally, the circuit court found that petitioner's improvement period had expired, although it ordered the DHHR to continue to provide remedial services until the dispositional hearing.

In March and April of 2016, the circuit court held dispositional hearings, during which it admitted additional drug screens from both parents that were positive for morphine and opiates. Ultimately, the circuit court found that petitioner abused controlled substances to the extent that her parenting skills were seriously impaired. As such, the circuit court found there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the children's welfare. By order entered on June 24, 2016, the circuit court terminated petitioner's parental rights to the children. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, the Court finds no merit to petitioner's argument that the circuit court erred in denying her additional time for improvement, although it is unclear whether her claim relates to an extension of her post-adjudicatory improvement period or an improvement period as disposition. On appeal, petitioner argues that she substantially complied with the terms of her post-adjudicatory improvement period, as evidenced by testimony from a service provider who stated that petitioner participated in services and that services went well. Petitioner also argues that she obtained housing and employment during the proceedings. As such, petitioner argues that she was entitled to additional time for improvement below. The Court, however, does not agree, as petitioner's argument ignores the fact that the main condition of abuse and neglect, namely petitioner's substance abuse, continued unabated during the proceedings.

We have previously held that

"[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child[ren]." Syllabus Point 6, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 4, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Based upon the evidence below, the Court finds no abuse of discretion in the circuit court's determination that petitioner failed to make sufficient improvement to justify the return of the children. In addition to the numerous positive drug screens that petitioner provided throughout the proceedings, the evidence shows that just one month prior to the review hearing on her post-adjudicatory improvement period, petitioner gave birth to a child who tested positive for morphine. Further, petitioner was directed to undergo substance abuse treatment, but failed to complete the same. As such, it is clear that petitioner failed to make sufficient progress in regard to correcting her substance abuse issues such that the circuit court could return the children to her care.

Moreover, petitioner was not entitled to an additional improvement period as disposition because of her continued drug abuse. According to West Virginia Code § 49-4-610(3)(D), a circuit court may only grant an improvement period as disposition when the parent has already received an improvement period if the parent "demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances." The record here is clear that petitioner failed to satisfy this burden. While it is true that petitioner did comply with some services, such compliance does not constitute a substantial change in circumstances in light of her continued substance abuse. For these reasons, we find no error in the circuit court denying petitioner either an extension to her post-adjudicatory improvement period or an improvement period as disposition.

Finally, the Court finds no error in the circuit court denying petitioner post-termination visitation with the children. We have previously held as follows:

"When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Upon our review, it is clear that the petitioner failed to establish a close emotional bond with either child. Specifically, the evidence shows that K.S. was removed from petitioner's custody as an infant. Moreover, S.S. is currently undergoing therapy as a result of the abuse and neglect in petitioner's home. As such, it is clear that continued contact with petitioner would not be in the children's best interests, and we find no error in the circuit court denying post-termination visitation.

For the foregoing reasons, we find no error in the circuit court's June 24, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II